**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*

| | |
|---|---|
| DALE L. TENHOLZEN,<br><br>     Debtor.<br>_____<br>NATALIYA SONIS,<br><br>          Plaintiff,<br>vs.<br><br>DALE L. TENHOLZEN.<br><br>          Defendant. | CASE NO. 08-13152-BKC-RAM<br><br>Chapter 7`<br><br><br>Adv. Case No. 08-01401-BKC-RAM-A |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Debtor, DALE L. TENHULZEN, respectfully moves this Honorable Court for dismissal of the Complaint for nondischargeability filed against him herein, and in support thereof he would respectfully submit that the Complaint should be dismissed with prejudice.

1.   The Complaint was filed herein on June 20, 2008 (CP 1).  A Summons was duly issued by the Clerk (CP 2).

2.   According to paragraph 6 of the Complaint,

> There remains due, owing and unpaid from Defendant to Plaintiff on the Contract the principal sum of $50,000.00, together with interest thereon at the contract rate of 100% per annum from February 16, 2007 until paid in full or until date of entry of Judgment."

3.   Clearly, Plaintiff considers the money alleged to be owed, to be a loan, carrying 100% per annum interest.

4.   "Interest and Usury" is the subject of Florida Statutes, Chapter 687.  Where the principal amount involved is less than $500,000.00, Fla. Stat. § 687.02 indicates that the usury limit

CASE NO. 08-13152-BKC-RAM

is 18% per annum.

5.     Fla. Stat. § 687.071 governs criminal usury. Charging over 25% per annum is a second degree misdemeanor. Fla. Stat. § 687.071(2). Charging over 45% per annum is a third degree felony. Fla. Stat. § 687.071(3).

6.     Finally, Fla. Stat. § 687.071(7) provides that: "no extension of credit made in violation of any of the provisions of this Section shall be an enforceable debt in the Courts of this state."

7.     Here, this Plaintiff is asserting a claim and alleging a contract interest rate of 100% per annum. It follows that there is no enforceable debt.

8.     There are four essential elements of an usurious transaction: (1) an express or implied loan; (2) a repayment requirement; (3) an agreement to pay interest in excess of the legal rate; and (4) a corrupt intent to take more than the legal rate for the money loaned. *See, eg, Oregrund Ltd. Partnership v. Sheive*, 873 So. 2d 451 (Fla. 5th D.C.A. 2004); *Party Yards, Inc. v. Templeton*, 751 So.2d 121, 123 (Fla. 5th D.C.A. 2000); *Craft v. Mason*, 668 So. 2d 679 (Fla. 4th D.C.A. 1996); *Bermil Corp. v. Sawyer,* 353 So. 2d 579 (Fla. 3rd D.C.A. 1978).

9.     The necessary "corrupt intent" is simply an intent to charge more than the law allows. *American Acceptance Corp. v. Schoenthaler*, 391 F2d 64 (5th Cir. 1968). One does not have to specifically charge interest for there to be usury, *id*. Here, paragraph 6 of the Complaint indicates that the Plaintiff was treating the transaction as a loan, and that the Contract required the payment of 100% per annum as interest. The intent to charge an unlawful rate of interest is thus underscored by the Complaint itself.

10.     Fla. Stat. 687.01(7) is clear that the alleged debt is not an enforceable debt in the state of Florida.  In the absence of an enforceable debt, there cannot be a nondischargeable debt.

WHEREFORE, the Complaint must be dismissed with prejudice.

Respectfully submitted,

_____
Ronald G. Neiwirth
Fla. Bar No. 152175
Email: rneiwirth@fowler-white.com

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Ronald G. Neiwirth
Ronald G. Neiwirth

CASE NO. 08-13152-BKC-RAM

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

IN RE:  CASE NO. 08-13152-BKC-RAM
DALE L. TENHULZEN, Debtor.

## SERVICE LIST

Office of the U.S. Trustee
51 S.W. First Avenue
Miami, Florida 33130

Dale L. Tenholzen
3500 Frantz Road
Miami, FL 33133

Nataliya Sonis
1174 Arthur Street
Hollywood, FL 33019