UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*Miami-Dade Division*

| | |
|---|---|
| DALE L. TENHOLZEN,<br><br>      Debtor,<br><br>NATALIYA SONIS,<br><br>    Plaintiff,<br><br>v.<br><br>DALE L. TENHOLZEN,<br><br>    Defendant. | CASE NO. 08-13152-RAM<br>CHAPTER 7<br><br><br><br><br><br>ADV. CASE NO. 08-01401-RAM |

**DEBTOR/DEFENDANT, DALE L. TENHOLZEN'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE § 523(a)(2)**

Debtor/Defendant, Dale L. Tenhulzen ("Tenhulzen"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 7012(b)(6) hereby moves this Court for an Order dismissing the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted. In support thereof, Debtor/Defendant respectfully states as follows:

1. On June 20, 2008, Plaintiff filed her first Complaint based on a "Membership and Member Capital Contribution Memorandum of Understanding Agreement" ("Agreement") she executed with Participating Partners, LLC.

2. On September 22, 2008, Tenhulzen filed a Motion to Dismiss Plaintiff's first Complaint.

3. The first Complaint was inconsistent in pleading whether alleged monies owed were a loan or an investment.

4. On October 23, 2008, Tenhulzen's Motion to Dismiss was granted and Defendant was allowed to amend her Complaint.

CASE NO. 08-01401-RAM

5. Now, in her Amended Complaint, the Plaintiff refers to the alleged monies owed as an "investment" in paragraphs 8, 9, 10, 11, 13, and 14. Then, inexplicably, in paragraphs 16 and 17 of the Amended Complaint, the Plaintiff refers to the alleged monies owed as an extension of "credit."

6. Again, even with leave to amend her Complaint, Plaintiff is still unclear whether the alleged monies owed are an investment or a loan, or was careless in drafting the Amended Complaint.

7. If the alleged monies owed are a loan, the expected 100% return on the loan is usurious under Florida Statutes Chapter 687.

8. Fla. Stat. § 687.071 governs criminal usury. Charging over 25% per annum is a second degree misdemeanor. Fla. Stat. § 687.071(2). Charging over 45% per annum is a third degree felony. Fla. Stat. § 687.071(3).

9. Florida Statute § 687.071(7) provides that: "no extension of credit made in violation of any of the provisions of this Section shall be an enforceable debt in the Courts of this state."

10. If Plaintiff is asserting her claim that the monies owed are an extension of credit and alleging an interest rate of 100% per annum, it follows that there is no enforceable debt.

11. In paragraph 9 of the Amended Complaint, Plaintiff claims that Tenhulzen made the following oral representations:

    A. If Plaintiff felt uncomfortable with her investment after six months, Tenhulzen would personally refund her initial investment out of his own monies, and pay a pro rata share percentage of return on her investment.

    B. That Tenhulzen had the financial wherewithal and solvency to refund her initial investment through his own personal monies.

C. That Tenhulzen was financially solvent and creditworthy, had substantial cash, real property, and personal property assets and that Tenhulzen would be able to repay the membership funds with interest to Plaintiff.

D. That Tenhulzen represented the investment was a low risk, protected by a mortgage on the real property, and the investment would be paid back in a short time.

12. According to section 725.01 of Florida Statutes (the Statute of Frauds):

> no action may be brought whereby....**to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person**.... unless the agreement or promise upon which such action shall be brought, or some not or memorandum thereof **shall be in writing and signed by the party to be charged** therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. § 725.01 (2008).

13. The Agreement is between the Plaintiff and Participating Partners, LLC, not Tenhulzen individually.

14. Nowhere in the Amended Complaint does it state that Tenhulzen signed a personal guaranty to the debts of Participating Partners, LLC. Therefore, Florida's Statute of Frauds bars the Plaintiff from her claim.

15. Further, the last line of the fifth paragraph of the Agreement clearly states: "the only direct recourse a Member shall have is against Participating Partners, LLC and Equity Holdings, LLC.

16. According to paragraphs 9 and 11 of the Amended Complaint, Plaintiff entered into the Agreement under the guidance of her attorney, Alla Tenina, who allegedly was in some sort of a relationship with the Defendant, thus rendering her advice suspect.

17. According to paragraph 9 of the Amended Complaint, several conversations were attended by Plaintiff with her attorney and Tenhulzen. When Plaintiff was not present, she was

provided information about the investment opportunity through her attorney's alleged discussions with Tenhulzen.

18. Plaintiff claims that Tenhulzen represented to her that if she felt uncomfortable or if she did not see any progress in the project's development she could get her money back after a six month period. Plaintiff offers no claim that she monitored the progress of the project until the one year had gone by and she made her demand.

19. The fourth paragraph of the Agreement states that Plaintiff has received, reviewed and accepted "Prospectuses and Participation Agreements" for the investments. Plaintiff has made no claim that any representations in these documents are not accurate.

20. Based on the Amended Complaint, the Plaintiff does not make any inquiry before making the subject investment. Even with the advisement of an attorney, she did not acquire any of Tenhulzen's alleged oral representations in writing.

21. Clearly, Plaintiff's reliance upon Tenhulzen's alleged oral representations are not reasonable under the facts of this case.

WHEREFORE, Plaintiff's Amended Complaint must be dismissed with prejudice.

Respectfully submitted,

Ronald G. Neiwirth
Fla. Bar No. 152175

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

CASE NO. 08-01401-RAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                            s/ Ronald G. Neiwirth
                                                            Ronald G. Neiwirth

[jsg] W:\75163\MTNDIS65-Adv SONIS  MTD 2.JSG{11/21/8-17:14}