
<div style="text-align:center">

To: United States Bankruptcy Court
Southern District of Florida
Miami Division
Attn:  The Honorable Robert A. Mark, Judge

</div>

RECEIVED  2009 FEB -2  A 10: 10  US TRUSTEE MIAMI

Debtor: Dale L Tenhulzen

Plaintiff:  Nataliya Sonis
Vs.
Defendant:  Dale L Tenhulzen

RE: Case No. 08-13152-BKC-RAM Chapter 7   Adv. NO. 08-01401-BKC-RAM-A

**Responding to Second amended Complaint of Discharge ability of Debt.**

To whom it may concern,

I Dale L Tenhulzen (Defendant) am representing myself at this point due to lack of funds for representation and my out-of State position. I am currently residing in California and looking for employment. I am unable to afford the flights to and from Miami at this time. In this response I will prove that the Plaintiff's allegations that the Defendant gave false pretenses, representations, or deliberate fraud, is completely false and an inaccurate statement. The debt that the Plaintiff feels is owed to her is not due her by the Defendant, but by a third party and is dischargeable in his bankruptcy case for this reason alone.

<div style="text-align:center"><u>Responses to the Plaintiffs background of the Facts</u></div>

Their #6. I did meet Alla Tenina on a plane ride from Florida back to California after leaving from one of the Hurricanes that was about to embark on the State. We did communicate and she came and visited me in Southern California for my Birthday Party that year. She made it very clear as being of Russian Descent, that she only dates Russian Men. I would hardly call this an intimate relationship. However, we were always trying to help each other in our businesses. I was a fundraiser for 25 years, helping non-for-profits raise money for their causes and she being a lawyer. She was always intrigued by my financial background together with her estate planning practice and we would put our heads together on certain projects. So I would call this more of a business relationship. In the summer of 2005 I was in severe back pain and was laid up at my girlfriends apartment in Aventura Florida, there was no other relationship. In July of 2005 I went into the Hospital and had a double fusion done on my back. At that point, I was laid up for 8 months and out of work and out of touch with Tenina. I went back to work in March of that year and by July my fundraising company that I worked for had filed for bankruptcy and went out of business. I had to search for new employment at this point. I put everything I own up for sale, including my own resident. In October of 2006 a gentleman by the name of Dean Roffers came to one of my open houses and we talked about business and by

December of 2006 he had offered me a position of raising funds for him to fund a housing project he had up in Mississippi for the Hurricane victims. After many trips up there and him showing me all the sites, I felt very comfortable with the project, so I took the responsibility of raising the needed funds. The setting up of the LLC's, agreements, and promotion flyers were all done by him and his companies (Gulf Coast Business Services, Gulf Coast Modular Homes, and Mississippi Land Developments Inc.) Everything I did was under his guidance. I even invested $110,000 myself (all of my retirement monies.) I have never received any monies back as of this date and nor do I expect I will. All the monies that were received into Participating Partners LLC went straight to Gulf Coast Business Services LLC, which I was never a member of nor will I ever be a member of. This was a passive assignment and only done for the cause. All the members of Participating Partners LLC where to receive our monies back with a promised interest payment within one years' time. No one to my knowledge has ever received any monies back and the business I believe is not in existence today due to the real estate market crunch.

Their #8. I never told anyone that I was investing into any land. Dean Roffers invited both Sonis and Tenina up to Mississippi to show them what he was investing in. Neither one of them ever took the offer. They are saying in April of 2006 I was talking to them about an opportunity for them. I had never even met Mr. Roffers until October of 2006 and you will see enclosed that the check Ms. Sonis wrote was dated 1/30/07. I knew nothing about this project until I met Mr. Roffers, this was his program not mine.

Their #9. There was never any pushing of Tenina to get Sonis to become a member, she had told me that Sonis owed her some monies and would have her put those into Participating Partners LLC. The end result was that they both had put up $25,000 to become a member(see check enclosed). The telephone conversation that they are talking about was between Tenina and Dean Roffers, it was not between me. Dean may have offered her that; his company had their monies as you can see by the agreements. Again, Dean Roffers may have said that he was solvent and would refund them, not me in my position.

Their #10. I had very few conversations with the Plaintiff. Everything was of guidance from Tenina. She even had me met the Plaintiff at the airport to pick up the check from her(enclosed) and there was little conversation, the Plaintiff was with her boyfriend and probably did not want him to know her business.

Their #11. They have their dates off. We received her only check on 1/30/07 for $25,000 and the funds were transferred to Gulf Coast Business Services LLC within a couple days. This is on the agreement that she signed.

Their #14. If my representation was false, then why did I give Gulf Coast Business Services LLC the only money I had left to my name? I really believed in Mr. Roffers and through my research felt he could make this project a success or I never would have put up any monies myself. If we all had hindsight vision none of us would have put any monies into the real estate market before the crash.

Their #15. The Defendant never said he was buying any real property and nor do the agreements mention anything of him buying any real property. There was land under contract, buildings under lease, and employees in place. I was there and saw everything and did the best of my ability to help it be successful keeping in mind that my position was fundraising only.

In conclusion, after all the materials represented above show that the Defendant is not guilty of any false pretenses, false representation, or any fraud whatsoever. This case should be dismissed and discharged as all the rest have in his case. There is no evidence that the Defendant kept any of the monies the Plaintiff feels is due her and nor did he get compensated for receiving the monies from her. This was strictly a passive position as the attached agreements prove as do all and any checking accounts. The Trustee has thoroughly done his discovery and has not found any monies misappropriated in the defendants case. If brought into court on any of this, the Defendant would swear on all disclosed in this response.

Sincerely,

Dale L Tenhulzen

```
                                                                    105
       NATALIYA SANIS                                         63-8655
       1174 ARTHUR ST.  PH. 954-924-9185                       2660   816
       HOLLYWOOD, FL  33019          Date  1/30/07

Pay to the order of  Participating Partners LLC    $ 25000.00

Twenty five thousand 00/100                          Dollars

citibank                        ESA

CITIBANK, N.A. BR. #816
P.O. BOX 790114
ST. LOUIS, MO 63179
Memo _____

⑆266086554⑆    2908394055⑈ 0105
```