UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

IN RE:

DALE L. TENHOLZEN

    Debtor

_____/

CASE NO. 08-13152-RAM

Chapter 7 Proceeding

NATALIYA SONIS

    Plaintiff

v.

DALE L. TENHOLZEN

    Defendant

_____/

ADV. NO. 08-01401-RAM

**PLAINTIFF'S MOTION TO STRIKE RESPONSE TO AMENDED COMPLAINT AND FOR ENTRY OF DEFAULT OR, ALTERNATIVELY, TO COMPEL DEFENDANT TO APPEAR FOR DEPOSITION AND FOR SANCTIONS**

Plaintiff, Nataliya Sonis ("Sonis" or "Plaintiff"), by and through undersigned counsel, files *Plaintiff's Motion to Strike Response to Amended Complaint and for Entry of Default or, Alternatively, to Compel Defendant to Appear for Deposition and for Sanctions* ("Motion"), and in support states the following facts:

1.    Defendant and Debtor, Dale L. Tenholzen ("Debtor" or "Defendant") filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code, with this Court on or about March 17, 2008.

2. On November 12, 2008, Sonis filed her Amended Complaint to Determine Dischargeability of Debt Pursuant to Bankruptcy Code §523(a)(2) ("Amended Complaint"). [D.E. #25]

3. In response, on November 21, 2008, Debtor filed Debtor/Defendant, Dale L. Tenholzen's, Motion to Dismiss Plaintiff's Amended Complaint to Determine Dischargeability of Debt Pursuant to Bankruptcy Code §523(a)(2) ("Motion to Dismiss"). [D.E. #28]

4. Ultimately, on December 19, 2008, this Court entered its Order Denying Defendant's Motion to Dismiss and Resetting Pretrial Conference ("Order Denying Motion to Dismiss"). [D.E. #35]

5. The Order Denying Motion to Dismiss required Defendant to file his response to the Amended Complaint. On February 2, 2009, Defendant filed his Answer to the Amended Complaint. [D.E. #46]

6. The Order Denying Motion to Dismiss reset the Pretrial Conference for February 24, 2009. The Order Denying Motion to Dismiss also ordered that the "parties shall comply with the requirements set forth in the Initial Order Setting Filing and Disclosure Requirements for Pretrial." Despite this caveat, Defendant failed to appear at the Pretrial Conference as scheduled.

7. On January 21, 2009, this Court entered the Order Granting Fowler White Burnett, P.A.'s Motion to Withdraw as Counsel for Debtor/Defendant, Dale L. Tenholzen ("Order on Motion to Withdraw"). [D.E. #42] The Order Granting Motion to Withdraw provided that all future pleadings, motions, orders and other papers relating to this matter shall be sent to the email address tenhlzn1@bellsouth.net. (*See,* ¶6 of the Order on Motion to Withdraw)

8. Thereafter, on March 27, 2009, Plaintiff served her Notice of Taking Deposition Duces Tecum upon Defendant ("Notice of Deposition"). [D.E. #49] The Notice of Deposition was

served upon Defendant at tenhlzn1@bellsouth.net, as required and directed by the Order on Motion to Withdraw.  Additionally, Plaintiff served the Defendant at 3500 Frantz Road, Miami, Florida 33133, his last known address, and at 4613 N. University Drive, Coral Springs, Florida 33067, the return address on the envelope in which Defendant served his Answer.

9. The Notice of Deposition set Defendant's deposition to take place on April 16, 2009 at the offices of Behar, Gutt & Glazer, P.A.  The Notice of Deposition also demanded production of various categories of documents relevant to the Plaintiff's claims and Defendant's purported defenses in this matter.

10. Despite being served with the Notice of Deposition, Defendant failed to appear and failed to produce any documents to Plaintiff.  A copy of the Certificate of Non-Appearance evidencing Defendant's failure to appear is attached hereto as an Exhibit.

11. Notably, the Initial Pretrial Order provides that the Court may award monetary sanctions for a party' failure to comply with the Pretrial Order.  The Court may also award non-monetary sanctions against the party at fault.  These may include the entry of an order striking the answer and entering a default.  (*See,* ¶6 of the Initial Pretrial Order [D.E. #1])

12. Given the Defendant's failure to appear at the Pretrial Conference and his subsequent failure to appear for his deposition or to produce documents demanded, it is appropriate for this Court to enter an order striking the Defendant's answer and entering a default.  It is apparent that the Defendant does not intend to participate in these proceedings and has abandoned his desire to further defend this matter.  Accordingly, striking of the Defendant's answer and entry of a default is appropriate.

13. Alternatively, if this Court is disinclined to strike Defendant's Answer and enter a default, it is requested that this Court enter an Order requiring Defendant to appear for deposition

at a date and time provided by Plaintiff's counsel. It is also requested that this Court Order Defendant to produce the documents demanded in the Notice of Deposition and to pay Plaintiff's attorney's fees and costs incurred in drafting this motion, appearing at hearing on same, for the costs of the Court Reporter's attendance at the initial deposition and preparing the Certificate of Non-Appearance.

WHEREFORE, Plaintiff, Nataliya Sonis, respectfully requests that this Court enter an Order striking the Defendant's Answer and entering a default. is appropriate. Alternatively, Plaintiff requests that this Court enter an Order (1) requiring Defendant to appear for deposition at a date and time provided by Plaintiff's counsel; (2) ordering Defendant to produce the documents demanded in the Notice of Deposition; (3) requiring Defendant to pay Plaintiff's attorney's fees and costs incurred in drafting this motion, appearing at hearing on same, and for the costs of the Court Reporter's attendance at the initial deposition and preparing the Certificate of Non-Appearance; and (4) for such other and further relief that this Court deems just and appropriate under the circumstances.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 27, 2009**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing, is being served this day via e-mail to tenhlzn1@bellsouth.net; and via mail to: **Dale Tenhulzen**, 3500 Frantz Road, Miami, FL 33133; **Dale Tenhulzen**, 4613 N. University Dr., Suite 190, Coral Springs, FL 33067; and to **U.S. Trustee**, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; **Drew M. Dillworth, Trustee**, 2200 Museum Tower, 150 W. Flagler Street, Miami, Florida 33130, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    BEHAR, GUTT & GLAZER, P.A.
    Attorneys for Plaintiff Nataliya Sonis
    2999 N.E. 191st Street, Fifth Floor
    Aventura, Florida  33180
    Telephone:  (305) 931-3771
    Fax:  (305) 931-3774


    By    /s/ Robert J. Edwards
          BRIAN S. BEHAR
          FBN:  727131
          ROBERT J. EDWARDS
          FBN: 007544